FRED L. ROSEMOND and Another v. NORTHWESTERN AUTOGRAPHIC
REGISTER COMPANY.[1]

Nov. 11, 1895.

Nos. 9416—(26).

**Payment to Use of Corporation by Officer.**

The plaintiff Campbell, being the president and general manager of the defendant, a business corporation, with full control of the management of its business, including authority to handle and disburse its funds, "and provide the same," requested the plaintiff Rosemond, a stockholder, to join him in advancing the money to pay a matured debt of the defendant for the payment of which it had no funds. Plaintiffs thereupon jointly advanced the funds and paid the debt. In an action to recover for money paid to defendant's use, *held* that, in paying defendant's debt, plaintiffs were not mere volunteers, and were entitled to recover.

**Secondary Evidence—Notice to Produce.**

Also, that a proper foundation was laid for the introduction of secondary evidence of the provisions of defendant's by-laws as to the authority of Campbell as president and general manager.

**Corporation—Authority of Officer to Borrow.**

Also that, under the facts stated, Campbell had implied authority to borrow or provide funds with which to pay the debts of the defendant in the due course of its business, even in the absence of any express authorization in the by-laws or by formal resolution of the directors.

**Corporate Debt.**

Also that, upon the evidence, it was a question for the jury whether the bill paid by plaintiffs was the debt of the defendant.

Appeal by plaintiffs from an order of the district court for Ramsey county, Egan, J., denying a motion for a new trial. Reversed.

*Francis B. Tiffany*, for appellants.

*Edwin A. Jaggard*, for respondent.

MITCHELL, J. This was an action to recover for money alleged to have been paid by plaintiffs to the use of the defendant, and at its instance and request. The answer was a general denial.

The evidence on part of the plaintiffs was to the effect that Campbell was the president and treasurer, as well as the general manager,

[1] Reported in 64 N. W. 925.

of the defendant, with full power of control over its business, with authority to handle and disburse the funds and provide the same; that a debt from defendant to the National Autographic Register Company for 500 autographic registers became due; that, defendant having no funds with which to pay the same, Campbell, as manager of the company, with power to act in such an emergency, requested Rosemond, who was a stockholder in defendant company, to join him in providing funds with which to meet the bill; that thereupon Rosemond and Campbell executed to the National Company their joint note for the amount of its bill against defendant. This note the plaintiffs subsequently paid. This is the money sought to be recovered for in this action. It is hardly necessary to say that the transaction stands precisely as if plaintiffs, in the first instance, had paid the bill in cash, instead of giving their note for it. So far as appears, the defendant availed itself of, and still retains, the benefit of the transaction.

The trial court directed a verdict for the defendant, on the ground, as is indicated by the record, that the plaintiffs, in paying this debt, were mere volunteers. It is, of course, familiar law that nobody can make himself the creditor of another by paying that other's debt against his will or without his consent. But this rule has no application to the facts of this case. According to the evidence, Campbell, as defendant's president and general manager, had full authority to disburse its funds in payment of its debts, and to provide funds for that purpose. It was immaterial whether, in case of a want of funds, with which to meet a debt of the defendant, he paid the money himself, individually, or, in behalf of the company, procured another to do so. In either case, it would be paid at the request of the defendant, and the promise to repay it would be implied.

It is urged, however, that there was no competent evidence of Campbell's authority to borrow money in behalf of the defendant. This contention is predicated upon the fact that only secondary evidence of the provisions of defendant's by-laws was introduced, and this improperly, under defendant's objection and exception. We need not consider the contention of defendant's counsel that this objection and exception is available to him on plaintiffs' appeal, so as to entitle him to have the evidence disregarded, if improperly admitted, because, in our opinion, a proper foundation was laid for the introduction of sec-

ondary evidence. When the secondary evidence was objected to, plaintiffs' counsel stated in open court that he had given defendant's counsel notice to produce the by-laws and records of the corporation, and, in response, defendant's counsel admitted that he had received and accepted such service, and neither objected to the sufficiency of the notice nor offered to produce the by-laws or records. This was sufficient, although the notice itself was not produced. But if Campbell was general manager of defendant's business, with full power of control over the same, he would have implied authority to procure money to meet its bills in due course of business, even in the absence of any express authorization, either in the by-laws or by formal resolution of the board of directors.

The most earnest contention, however, of defendant is that it did not appear that the bill of the National Company was the debt of the defendant, but, on the contrary, that it did appear that it was the individual debt of Rosemond himself, and therefore the trial court was right in directing a verdict, although he might have given the wrong reason for it. The evidence on some points bearing on this question is somewhat obscure and indefinite, but it at least made a case for the jury. It would seem that the original contract for the sale of the 500 registers was made with Rosemond, individually, before the organization of the defendant, but as promoter of the contemplated corporation; that this contract provided for, or at least contemplated, the organization of the defendant; and that, when organized, the contract referred to should be transferred to it; also that, in pursuance of such understanding, after the defendant was organized, the contract was transferred to and accepted by it, and that the National Company agreed to the transfer. It does not appear at what date the contract was assigned to and accepted by the defendant, although there is evidence that the registers were billed to and received by it. In view of this and other evidence in the case, the question whether the debt was that of the defendant, or of Rosemond himself, was a question for the jury, notwithstanding that Campbell stated, on cross-examination, that the bill was paid before the assignment of the contract to the defendant, and notwithstanding that his statement might imply that it was paid as part of the $10,000 which Rosemond had agreed to pay into the treasury of the defendant when organized.

The precise relation of the National Company and the local companies and their promoters to each other, and the exact nature of their dealings with each other, are left somewhat in obscurity; but we are not inclined to treat the evidence on these matters over-critically, especially as the question whether this bill was the debt of the defendant or of Rosemond does not appear to have been particularly in the mind of the court, or to have been the ground upon which he directed a verdict.

With reference to another trial, it may be proper to add that, if Rosemond had agreed with the National Company to organize the defendant company, and to transfer to it, when organized, the contract for the sale of the registers, thus rendering him a mere trustee of the contract for the contemplated corporation, and if the defendant, after it was organized, accepted and adopted the contract as its own, then it took it with its burdens as well as its benefits, and it would be immaterial whether plaintiffs advanced the money before or after the formal assignment of the contract to the defendant. In either case it would be money paid to defendant's use.

Order reversed, and new trial directed.