BENJAMIN C. TAYLOR v. T. J. MITCHELL and Others.[1]

July 19, 1900.

Nos. 12,150—(174).

## Insolvent Corporation—Mortgage to Directors.

In an action by a receiver of a corporation under the provisions of G. S. 1894, c. 76, to set aside a mortgage on the corporate property made by the directors, who were creditors, to themselves as individuals, to secure their debt, *held*:

[1] Reported in 83 N. W. 418.

Evidence.

1. That the evidence supports the court's finding that the corporation was insolvent when the mortgage was made.

Directors—Preferred Creditors.

2. When a corporation is insolvent, its directors who are its creditors cannot, by taking advantage of their fiduciary relation, secure to themselves a preference over other creditors.

Mortgage Fraudulent as to Other Creditors.

3. That the mortgage here in question was fraudulent as to creditors; that the receiver, as their representative, could maintain this action; and that the trial court did not err in directing that the mortgage, and the foreclosure thereof, be cancelled.

Fact of Insolvency—Evidence.

4. On the issue of insolvency, the corporate books, reports, and accounts, including the bank book, were competent evidence against the directors.

Action in the district court for Watonwan county by plaintiff, as receiver of the Madelia Farmers' Warehouse Company, to set aside a mortgage and a foreclosure sale had thereunder. The case was tried before Severance, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*W. S. Hammond* and *Seager & Lobben,* for appellants.

*Savage & Purdy,* for respondent.

START, C. J.

The plaintiff, as the receiver of the defendant corporation, brought this action to set aside a mortgage on the property of the corporation, made by the individual defendants, as directors, to themselves as individuals, together with the foreclosure sale of the mortgaged property to themselves. Briefly summarized, the facts found by the trial court are these:

The defendant (the Madelia Farmers' Warehouse Company) here designated as the "corporation" is, and has been since March 15, 1888, a corporation of this state, organized for the purpose of doing a general grain-elevator business. On and prior to May 28, 1895, the corporation was insolvent, and has ever since been so. There-

after, and on December 30, 1896, the plaintiff, in an action brought by the creditors of the corporation and its stockholders, pursuant to the provisions of G. S. 1894, c. 76, to sequester its property and enforce the liability of its stockholders for its debts, was duly appointed receiver of the corporation. The corporation is still indebted to sundry creditors to the amount of more than $2,000 upon obligations incurred and outstanding prior to May 28, 1895, and such creditors have proved their respective claims.

On the day last named, the defendants other than the corporation were, and for a long time prior thereto had been, directors of the corporation, and on that day they, by resolution as such directors, authorized the president of the board, the defendant Mitchell, and its secretary, the defendant McCarthy, to execute, on behalf of the corporation, a mortgage to the defendants, as individuals, on the property of the corporation, to secure an indebtedness to them of $8,000. The mortgage was so executed on the next day. The property so mortgaged was all of the property of the corporation of any substantial value. The defendants afterwards foreclosed the mortgage by action, serving the summons upon some of themselves as officers of the defendant corporation. They purchased the property at the foreclosure sale for $4,000. No redemption was made from such sale. The value of the mortgaged property at the time the mortgage was made, and when the foreclosure sale was made, was $10,000. The defendants, as such directors, made the mortgage to themselves, and purchased the property at the foreclosure sale, with the intent to secure to themselves a preference over the other creditors of the corporation, and to defraud the creditors of the corporation and the stockholders thereof.

Upon these facts, the trial court, as a conclusion of law, ordered judgment for the plaintiff as receiver, canceling the mortgage and the foreclosure sale. The defendants appealed from an order denying their motion for a new trial.

1. The defendants' first eight assignments of error present the general question as to the sufficiency of the evidence to support the finding of fact that the corporation, at the time the mortgage was executed, was insolvent, and that it is still indebted in the sum of

$2,000, which was incurred prior to that time. It is true, as the defendants claim, that the corporation at that time, and for nearly a year thereafter, was a going concern, paying all demands made upon it, and not hampered by attachments or suits. But it is equally true, as shown by the record, that the corporation, during this time, was not able to meet its obligations in the ordinary course of business from its own resources. Its working capital was raised on the personal credit of its directors, and its bank account, with few, if any, exceptions, was constantly overdrawn. The overdraft, the day before the mortgage was given, was over $2,000. The evidence as to whether, in fact, its assets were less or more than its liabilities, is somewhat confused and involved, due to the imperfect way in which its books of accounts were kept; but it is sufficient, in any event, to justify the conclusion that its assets were materially less than its liabilities at the time the mortgage was given. The finding in question is sustained by the evidence.

2. Assignments of error 9 to 13, inclusive, challenge the correctness of the trial court's finding and conclusion to the effect that the defendants caused the mortgage to be made to themselves, and foreclosed, with the intent to secure a preference over other creditors of the corporation and to defraud them, and that the mortgage and sale be cancelled as to them at the suit of the receiver.

It is to be noted that the court found, as a fact, that the mortgage was taken to secure an indebtedness due to the defendants from the corporation; that is, they were the creditors of the corporation, and the mortgage was given to secure a pre-existing indebtedness. This finding is sustained by the evidence. The resolution of the directors authorizing the mortgage so recites, and the secretary of the corporation testifies that the mortgage was given to the defendants for money which they had previously borrowed on their personal notes and turned over to the corporation, which was used by it in buying grain and paying its debts. This case, then, is not one, as defendants' counsel seem to claim, where the directors make a present loan to the corporation, and take a mortgage to secure it, whereby its assets are increased to just the amount of the mortgage, and creditors are not injured. Such a transaction, if found,

upon careful scrutiny, to have been entered into in good faith for the benefit of the corporation, and not for that of the directors, would be sustained by the courts. But such is not this case. This is a case where all of the directors of an insolvent corporation were its creditors, and they all united as directors in directing that a mortgage on substantially all of its property in their possession and control be made, by their president and secretary, to themselves, to secure their debt against the corporation, to the detriment of other creditors. Upon the plainest principles of right, fair dealing, and common honesty, such a transaction ought, in equity, to be held to be fraudulent as to other creditors.

The relation of directors to their corporation is essentially a fiduciary one, and upon sound principles of public policy they are, as a general rule, prohibited from dealing with the property of the corporation for their own benefit, very much as a trustee is disqualified from purchasing, for his own advantage, the property of his cestui que trust. Janney v. Minneapolis Ind. Exp., 79 Minn. 488, 82 N. W. 984. It may be conceded that when, in the ordinary course of business of a solvent corporation, money becomes due to one of its directors, he may rightfully receive payment or security therefor, or prosecute all proper remedies to secure such payment, provided that in so doing he acts in good faith, and in no manner for the corporation. But, when the corporation is insolvent, its directors who are its creditors cannot secure to themselves any advantage or preference over other creditors. They cannot thus take advantage of their fiduciary relation, and deal directly with themselves, to the injury of others in equal right. If they do, equity will set aside the transaction at the suit of creditors of the corporation, or their representatives, without reference to the question of any actual fraudulent intent on the part of the directors, for the right of the creditors does not depend upon fraud in fact, but upon the violation of the fiduciary relation of the directors. 2 Morawetz, Priv. Corp. § 787; Cook, Stocks & S. § 661; Conover v. Hull, 10 Wash. 673, 45 Am. St. Rep. 833, notes; Olney v. Conanicut, 16 R. I. 597; Haywood v. Lincoln, 64 Wis. 639, 26 N. W. 184; Bradley v. Farwell, 1 Holmes, 433, 3 Fed. Cas. No. 1,779.

Authorities in support of this proposition might readily be multiplied, but it seems to be unnecessary, for it is so manifestly buttressed upon fundamental principles of justice and right as to render its further consideration or the citation of other authorities needless. The authorities, however, are not uniform on the question. See Corey v. Wadsworth, 118 Ala. 488, 25 South. 503.

We accordingly hold in this case that the facts found by the trial court justified its conclusion that the mortgage and the foreclosure sale were fraudulent, and must be set aside. The plaintiff, as receiver representing creditors, was authorized to bring this action. Farmers' L. & T. Co. v. Minneapolis E. & M. Works, 35 Minn. 543, 29 N. W. 349; Minnesota T. Mnfg. Co. v. Langdon, 44 Minn. 37, 46 N. W. 310. The stockholders could not ratify the transaction as to creditors, as claimed by defendants.

3. The remaining assignments of error relate to the rulings of the trial court as to the admission of evidence. There was ample competent evidence given to sustain the finding that the corporation was insolvent when the mortgage was made. This was practically the only disputed question of fact on the trial. On this issue the corporate books, reports, and accounts, including the bank book, were competent evidence against the directors, and properly received in evidence. If other incompetent evidence was received on this issue, it was harmless error.

Order affirmed.