ROBERT KING, ADM'R, *v.* JAMES R. WOOLDRIDGE.

CORPORATIONS.  *Insolvency.  Preferences.*       •

> An insolvent corporation which has ceased to be a going concern and has no prospect of resuming business, cannot legally prefer a debt due to one of its directors, its secretary and its treasurer.

FROM the circuit court of Warren county.

HON. WILLIAM K. McLAURIN, Judge.

King, administrator, the appellant, was the plaintiff in the court below; Wooldridge, the appellee, was defendant there. The case arose thus.    Polly King, the appellant's intestate, recovered a judgment against the Vicksburg Grocery Co.    The grocery company obtained a judgment against Brennan and others.    Appellant having taken all proper steps to that end,

sued out a writ of garnishment against Brennan and others (defendants in the judgment in favor of the grocery company), requiring them to answer whether they were indebted to the grocery company, defendant in the judgment upon which the garnishment proceedings were based. These garnishees answered that they were indebted, but that Wooldridge, appellee, claimed the debt by an assignment from the grocery company. Wooldridge was brought into court and an issue was formed between him and the appellant, King, administrator, as to whether the debt which the garnishees admitted to owe was due to the grocery company or to Wooldridge. It appeared on the trial of the issue that the grocery company was an insolvent corporation, had ceased to go, and had no prospect of resuming business when it was claimed it assigned the debt involved in the issue to Wooldridge, and that at that time it was indebted to appellant's intestate; and it further appeared that Wooldridge was a director of the corporation, its secretary and treasurer, and that the pretended assignment to him of the debt due from the garnishees was in payment of a debt due him by the corporation. It was not shown whether the pretended assignment by the grocery company to Wooldridge was or was not in writing, nor by what officer of the corporation, if any, it was made. It was simply affirmed by a witness that the corporation assigned the debt to appellee. From a judgment in Wooldridge's favor in the court below, King, administrator, appealed to the supreme court.

*Dabney & McCabe*, for appellant.

There is no legal evidence of a valid sale or assignment of the judgment to Wooldridge. Corporations can only make such an assignment by their directors, and the minutes of the corporate body must disclose action. Appellee did not show by the minute book of the Vicksburg Grocery Co. that the judgment involved had been assigned to him, and he failed to make out his claim.

If mistaken in the above, yet the assignment should have been evidenced by some writing signed by an officer of the corporation duly authorized.

Wooldridge was one of the directors and the secretary and treasurer of the. grocery company.   In view of his connection with the corporation and the fact that it was hopelessly insol-- vent, the claimant ought not to recover.

*Wade R. Young,* for appellee.

It was not necessary that the assignment should have been made in writing.

"An oral or written declaration may, consequently, be as effectual as the most formal instrument, and pass the right to an obligation under seal or of record."

In *Dunn* v. *Snell*, 15 Mass., 481, a parol assignment of a judgment for a valuable consideration was sustained.   *Ford* v. *Stewart*, 19 Johns. (N. Y.), 342; 1 Am. & Eng. Enc. L. (1st ed.), 835; *Whitney* v. *Cook*, 53 Miss., 551.

It was not necessary that the assignment should have been notified to the judgment debtors.

But, as against one claiming under the assignor as a creditor or mere volunteer, the failure to give notice of the assignment is immaterial, for the right of a creditor does not rise higher than that of a debtor, and is subject to all equities that could have been enforced against him.   1 Am. & Eng. Enc. L. (1st ed.), 841; *Schoolfield* v. *Hirsh*, 71 Miss., 55.

It was not necessary that the proceedings in execution of the judgment should have been conducted in the name of the as- signee.

"The assignee of any chose in action may sue for and re- cover on the same in his own name, if the assignment be in writing."

In case of a transfer of interest after suit is brought, the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action.   Code of 1892, § 660.

The equitable owner of a chose in action to whom an assignment in writing has not been made cannot sue in his own name. *Lowenburg* v. *Jones*, 56 Miss., 688.

It is no defense that the cause of action has been assigned since the beginning of the suit, and is ·still prosecuted in the name of the assignor. *Montgomery* v. *Handy*, 63 Miss., 43.

WHITFIELD, C. J., delivered the opinion of the court.

There is no assignment of the debt by any valid act of the corporation.shown. The corporation was plainly insolvent, not a going concern, ·nor one with any prospect of going on at any time in the future. It could not in such condition prefer its director, secretary and treasurer. *Love M'f'g. Co.* v. *Queen City M'f'g. Co.*, 74 Miss., 290.

*Reversed and remanded.*