WALTER G. AFRICA v. DULUTH NEWS TRIBUNE COMPANY.[1]

January 23, 1901.

Nos. 12,231—(99).

**Promissory Note.**

In an action to recover upon the promissory note of a corporation, it is *held*:

**Corporation—Authority of Officer.**

1. That the president and general manager of the corporation, who possessed and exercised, with the assent of the corporation, general and unrestricted charge and control of the management of its affairs, and who was the sole stockholder thereof, had implied authority to borrow money to .pay and discharge maturing obligations and debts of the corporation, and to make and deliver, for that purpose, its promissory notes.

**Note Payable to Officer—Presumption of Invalidity Rebutted.**

2. A promissory note of a corporation, made by an officer thereof to himself as payee, is presumptively invalid, but such presumption may be rebutted by proof that the note was in fact made in the business and for the use and benefit of the corporation. It is *held* in this case that such presumption of invalidity is overcome and rebutted.

**Assignments of Error.**

3. Various assignments of error examined, and *held* to present no reversible error.

Action in the district court for St. Louis county to recover $1,000 and interest on a promissory note. The case was tried before Ensign, J., who directed a verdict in favor of plaintiff for the amount demanded. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Fryberger & Johanson,* for appellant.
*Baldwin & Baldwin,* for respondent.

BROWN, J.

This action is one to recover upon defendant's promissory note.

[1] Reported in 84 N. W. 1019.

The plaintiff had a verdict below by order of the court, and defendant appeals from an order denying a new trial.

The record discloses the following facts: Defendant is a corporation engaged in publishing a newspaper in the city of Duluth. During the time stated in the complaint one Thoits was its president, and as such had and exercised the general control and management of its affairs. In May, 1897, he entered into a contract with the corporation by which he purported to lease its property, and thereafter, and until subsequent to the time of the transaction in question, continued to manage and conduct its business, publishing the newspaper, and transacting all business of the company. It is practically agreed by both parties that the contract or lease was a mere cover to protect the corporation from libel suits, and the evidence shows beyond any doubt that Thoits was conducting the business of the company, not under the lease in reality, but as its president and employee. Prior to the date when Thoits assumed charge, the corporation had contracted an indebtedness to the Mergenthaler Linotype Company in the sum of $8,000, which was represented and evidenced by eight promissory notes of the corporation, of $1,000 each. Thoits conducted the affairs of the company in the name of the corporation, deposited all money received by him in the course of the business in a bank in the name of "Duluth News Tribune, A. T. Thoits, Publisher," and his private funds in the same bank in his individual right. He had exclusive charge of the bank account of the company, and drew all checks in payment of debts contracted and incurred in the course of the business.

On May 21, 1898, he paid one of the $1,000 Mergenthaler notes out of the money by him deposited in the bank in the name of the corporation, and, to make good the amount so paid, borrowed of plaintiff $1,000, and made and delivered to him the promissory note in suit. The money so borrowed was deposited in the bank in the corporation account, and used in and about its business. The promissory note so made and delivered to plaintiff is in the words and figures following, to wit:

"$1,000.　　　　　　　　　Duluth, Minn., May 21st, 1898.
"On demand, after date, we promise to pay to the order of A. T. Thoits one thousand dollars, at American Exchange Bank, value received, with interest before and after maturity at the rate of six per cent. per annum until paid. Principal and interest payable in U. S. gold coin.

　　　　　　　　　　　　　"Duluth News Tribune Co.,
　　　　　　　　　　　　　　"By A. T. Thoits, Prest.
"Attest: Edward Hazen."
　Indorsed: "Pay to W. G. Africa.　A. T. Thoits."

The defense to the action is that Thoits had no authority to make the note, and that it is void on its face, having been made by the president of the corporation to himself, and for his personal use and benefit. The evidence does not sustain the defense. The record does not show that Thoits had express authority from the corporation to execute the note; but that is not important, as authority to do so must be implied from the nature and extent of his powers and duties as president and general manager of the company. As president and manager of the corporation, he had general and unrestricted charge and control of its affairs, and at the time of this transaction was the sole and only stockholder. At least, he testified that he was the only stockholder, and no attempt was made to show the contrary. The fact that Hazen and Congdon were directors, and that the statutes of the state require such officers to be stockholders, in no way contradicts the testimony of Thoits. In the absence of other evidence, it might perhaps be presumed that a director in such a corporation is a stockholder, but positive and direct evidence that he is not would completely overcome and rebut such presumption. Though directors, Hazen and Congdon seem to have had very little, if anything, to do with the conduct of the corporate affairs, and they may have disposed of their holdings subsequent to their election as such. If the testimony of Thoits on this subject was not true, defendant could very easily have shown it on the trial, but no effort was made to do so.

There is nothing in the record of a substantial nature to contradict the testimony of Thoits that he paid the Mergenthaler note at about the date of the loan from plaintiff, and, although counsel

for defendant urge with much earnestness that the testimony of Thoits on this subject is false, the record before us will not warrant concurrence in their contention. Neither is there any question but that the evidence shows that Thoits actually received the money from plaintiff, and deposited it in defendant's bank account, and used it in its business affairs. The contention of counsel that the loan from plaintiff was for the personal and individual use and benefit of Thoits is not sustained by the record. It is not disputed but that Thoits kept two bank accounts, one in the name of the company, and one in his personal name. Nor can it be denied but that the money so borrowed was in fact deposited in the company's account, and that the corporation received the benefit of it. The evidence, fairly and reasonably considered, fully supports and establishes all these facts, and there is no evidence to sustain a contrary conclusion, nor sufficient to require a submission of the case to a jury. In view of which, and of the nature of Thoits' agency, the extent of his power and authority, together with the fact that he was the only stockholder in defendant at the time, we think it very clear that he had implied authority to make the note and borrow money thereon for the use and benefit of the corporation; and, the money having been in fact obtained and applied to the uses of defendant with the assent of the only stockholder, defendant cannot now be heard to question the validity of the transaction.

Authority on the part of an officer of a corporation to borrow money to pay its debts and to make and deliver the promissory note of the corporation for that purpose was sustained in Rosemond v. N. W. Autographic R. Co., 62 Minn. 374, 64 N. W. 925, a very similar case to the one under consideration. And it was held in Kraniger v. Peoples B. Soc., 60 Minn. 94, 61 N. W. 904, that an unauthorized act of an officer of a corporation may be ratified and confirmed by the subsequent assent of all the stockholders. If all the stockholders of a corporation may so ratify an unauthorized act of one of its officers, it would seem reasonably clear, on principle, to be within their power to authorize the act in the first instance, and without formal or other action on the part

of the board of directors. It was so held in Martin v. Niagara Falls, 44 Hun, 130.

Counsel for appellant rely upon Porter v. Winona & D. Grain Co., 78 Minn. 210, 80 N. W. 965, to sustain their contention that the note is void on its face, but the case is not in point. It there appeared that the note was made and negotiated by the officer of the corporation for his personal use and benefit, while in the case at bar it appears to have been made exclusively for the benefit of the corporation. Not having been made for the personal use of the officer, but for the exclusive benefit of the corporation, the note is valid, and the prima facie rule of invalidity laid down in the Porter case is overcome. Tuskaloosa v. Perry, 85 Ala. 158, 4 South. 635.

Several rulings of the trial court are challenged by proper assignments of error, but a careful consideration of the rulings complained of discloses no prejudicial error. It was no doubt immaterial that Thoits had made two other notes in the name of the corporation similar to this one, but the admission of that evidence in no way prejudiced defendant, and is no ground for a new trial. Though some of the other objections to evidence may perhaps have been well taken, no error, to justify a reversal is shown. The controlling facts in the case, as they appear from a careful reading and examination of the whole record, would not be substantially changed or affected if some of the answers to questions objected to, which are urged as conclusions rather than statements of fact, were wholly stricken out. No prejudicial error, therefore, appears upon this branch of the case, and, as no other reversible error is found in the record, the order appealed from must be affirmed.

Order affirmed.