RICHARD O. WILLIAMS, RECEIVER, v. WILLIAM J. TURNER
ET AL.

FILED JANUARY 8, 1902. ¯ No. 10,288.

Commissioner's opinion, Department No. 2.

1. **Insolvent Corporation:** PREFERRING CREDITOR. An insolvent corporation can not prefer a debt on which its officers and directors are bound as sureties.

2. ——: ——: POWER OF RECEIVER: ACCOUNTING. Directors of an insolvent corporation who turn over its property and assets to third persons for the purpose of preferring claims upon which such directors are personally liable as sureties may be required to account for such property and assets in an action by a receiver of the corporation appointed at the instance of other creditors.

3. **Order Appointing a Receiver.** An order appointing a receiver "of the property, effects, credits, and rights of action of every character" of an insolvent corporation, and directing him to bring such action as may be "necessary to enforce the payment of such debts and rights of action and for the recovery of the assets of such company," sufficiently authorizes an action against the directors to hold them to account for property and assets disposed of by them in unlawfully preferring debts for which they were personally liable.

ERROR from the district court for Lancaster county. Tried below before CORNISH, J. *Reversed.*

*Cobb & Harvey* and *Stewart & Munger,* for plaintiff in error.

*Sawyer & Snell, contra.*

POUND, C.

Williams, as receiver of the Lincoln School Supply Company, a corporation, brought suit against Turner and three others, alleging that, after the corporation had be-

come insolvent and had ceased to do business, the defend-
ants, who were directors of the corporation, and had sole
possession and control of its assets and property, at-
tempted to wind up its affairs, and in so doing fraudu-
lently, and in violation of their duty as directors, set over
and assigned to certain preferred creditors assets and prop-
erty of the corporation, particularly described, to the value
of $4,388.16, out of assets aggregating $6,109.16, the said
defendants being at that time personally liable as sureties
upon the indebtedness so preferred. The debts of the cor-
poration at the time are set out, and, as alleged, amounted
to $6,690. A demurrer was sustained in the lower court,
and error is prosecuted from such ruling.

The proposition that an insolvent corporation can not
prefer a debt on which its officers and directors are bound
as sureties is now thoroughly established in this state.
*National Wall Paper Co. v. Columbia Nat. Bank,* 63 Nebr.,
234. The ground of this rule would seem to be that di-
rectors occupy a fiduciary position, and that the law will
not permit them to take advantage of that position to the
prejudice of other creditors. But if the creditor into
whose hands property of the corporation comes by virtue
of such unlawful preference is to be held liable to restore
it, as in the case cited, it is manifest that, if the creditors
so elect, directors who turn over the property and assets
of an insolvent corporation to third persons for the pur-
pose of preferring claims upon which such directors are
personally liable as sureties must be liable for such breach
of trust, and should be required to account for the prop-
erty and assets so disposed of. Their liability in such case
to a proper representative of the creditors, who, in equity,
are entitled to such property and assets, can not well be
disputed. It is insisted, however, that in this case the re-
ceiver does not represent all the creditors and can not en-
force the liability. A question is thus raised on which
there is some confusion and conflict of judicial opinion,
largely in consequence of the varying provisions of stat-
utes in the several states. The sole statutory authority

for appointing a receiver of a corporation in this state is derived from section 266, Code of Civil Procedure, authorizing such appointment "where receivers have heretofore been appointed by the usages of courts of equity." One of the cases coming under this head is a suit by a judgment creditor of a corporation in the nature of a creditors' bill to reach equitable assets. High, Receivers [3d ed.], sec. 399; 5 Thompson, Corporations, sec. 6838. Another case occurs when a corporation ceases to do business and its assets are in danger of being lost and dissipated to the prejudice of creditors. 5 Thompson, Corporations, sec. 6838. Compare, also, *Ponca Mill Co. v. Mikesell,* 55 Nebr., 98. The order appointing plaintiff receiver of the corporation here in question, which is made a part of the petition, discloses a suit based on both these grounds and makes it evident that the receiver was appointed in a general creditors' suit for the benefit of all creditors, and in which all creditors may become parties, if not such already. Hence we think the plaintiff is representative of all the creditors, not merely of the corporation, and not merely of the particular creditor or creditors at whose instance he was appointed. 5 Thompson, Corporations, sec. 6945. Taking this view of the nature of his office, we must conclude that he may hold the defendants to account for their breach of trust. 5 Thompson, Corporations, sec. 6947. We have examined a large number of decisions on these several propositions, but do not believe that any useful purpose would be subserved by discussing or citing them here. The statements of the learned author to whom we have referred are amply supported by authority, and we consider them elementary. The order by which the plaintiff was appointed is a clear direction to bring this suit. He is made receiver "of the property, effects, credits and rights of action of every character" of the corporation, and is directed to bring such actions as may be necessary "to enforce the payment of such debts and rights of action and for the recovery of the assets of such company." The liability of the directors for their breach of trust is an asset as to the

41

creditors, and the fund to be realized therefrom is best made available to creditors by collection at suit of the receiver and distribution by him in the creditors' suit in which he was appointed. He might properly have been appointed to bring this very proceeding, and we do not doubt that it is contemplated by and within the scope of the directions in the order of appointment.

We recommend that the judgment be reversed and the cause remanded for further proceedings.

SEDGWICK and OLDHAM, CC., concur.

By the Court: For the reasons set forth in the foregoing opinion the judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED.