BENJAMIN C. TAYLOR v. WILLIAM D. FANNING and Others.[1]

July 3, 1902.

Nos. 12,950—(136).

Insolvent Corporation—Vacating Lien of Judgment.

In an action by the receiver of an insolvent corporation to vacate a judgment which is a first lien upon the corporate property, obtained in the name of a third person, but for the use and benefit of six members of the board of directors of the corporation, it is *held*, the corporation being insolvent when the notes upon which the judgment was based were executed and delivered, that in obtaining such judgment the directors did not act with that good faith and observance of duty which was demanded of them as trustees of property which it was their duty to preserve for the equal benefit of all creditors.

Action in the district court for Watonwan county by plaintiff, as receiver of Madelia Farmers' Warehouse Company, to vacate a judgment entered against said company in favor of defendants and to cancel certain promissory notes upon which the judgment was based. The case was tried before Cray, J., who found in favor of defendants. From a judgment entered pursuant to the findings, plaintiff appealed. Reversed, and remanded with instructions.

*Savage & Purdy,* for appellant.

*W. S. Hammond,* for respondents.

COLLINS, J.

The plaintiff in this case was also plaintiff in Taylor v. Mitchell, 80 Minn. 492, 83 N. W. 418. Five of the defendants in that case are the same as in this. The facts do not differ particularly, except that the lien on corporate real property was there secured by means of a mortgage, while here a lien upon the same property was secured through a judgment. The defendant corporation was insolvent prior to May 30, 1895, and thereafter continued to be. These defendants were six of the seven persons constituting its board of directors, and, claiming that the corporation was indebted to them on account of their previous payment of certain of its

[1] Reported in 91 N. W. 269.

debts, a resolution was adopted by the board November 30 of that year directing the execution and delivery of two corporate notes, each for the sum of $1,000, and payable to the order of these gentlemen. In pursuance of this resolution the notes now under consideration were executed and delivered by defendant Mitchell, as president of the corporation, and by director Batcheller, as its secretary, on the same day.

All of this time the indebtedness of the corporation was largely in excess of the limit prescribed, and, of course, this was known to the directors. It is insisted by plaintiff's counsel that it was not shown at the trial. that the original indebtedness for which the notes were given was that of the corporation, but, for the purposes of this case, we assume that it was. The notes became due on March 1, 1896. A month later the payees indorsed and transferred the same to one Fanning solely for the purpose of having him begin suit, and to secure a judgment thereon. April 18 a summons and complaint in said action were personally served upon Johnson, one of these defendants, a director of the corporation and a payee of the notes, and also upon the secretary, who, as before stated, had no personal interest in the obligations. The complaint was filed in the office of the clerk of court on the same date, and thereafter remained. May 29, 1896, judgment was entered in favor of Fanning against the corporation by default, and it became a first lien upon real property when final judgment was entered in the other case, setting aside the mortgage. December 30, 1896, an action was brought against the corporation under the provisions of G. S. 1894, c. 76, and this plaintiff was thereupon appointed receiver. The present action, to set aside the Fanning judgment, was instituted in August, 1900. The court below found for the defendants, and this appeal is from a judgment in their favor thereupon entered.

Testing this case by the rule laid down in Taylor v. Mitchell, supra, it would seem that the court below was in error. It was there held that the directors of an insolvent corporation, being its creditors, cannot take advantage "of their fiduciary relation, and deal directly with themselves, to the injury of others in equal right. If they do, equity will set aside the transaction, at the suit of creditors of the corporation or their representatives, without refer-

ence to the question of any actual fraudulent intent on the part of the directors; for the right of the creditors does not depend upon fraud in fact, but upon the violation of the fiduciary relation of the directors." The validity of such a transaction does not depend upon the presence of an actual fraudulent intent, but the pertinent and controlling inquiry is, has there been a violation of the duty which the directors owed to all creditors of the corporation, and a disregard of the rule that directors cannot take advantage of their relationship to the corporation, and secure to themselves an advantage or preference over other creditors?

Admitting that the transaction was legitimate up to the time the notes were transferred to Fanning and the action was brought, the corporation was then insolvent, and ought not to have transacted any other business,—facts well known by the directors. Its indebtedness had for a long time exceeded its charter limit by about fifty per cent., and this the directors also well knew. That they transferred the notes to Fanning, a stranger to the transaction and to the corporation, may be only suggestive of a purpose, for some improper reason, to avoid being known in the action; but certain it is that these directors, trustees for all of the creditors, knew that, if their claim could become a first judgment, the lien of the same would be subject to the mortgage only, and would operate to destroy the value of the property to other creditors, in violation of their duty to preserve it for the equal benefit of all to whom the insolvent was indebted. It may be true that by executing and delivering the notes the then existing indebtedness of the company was not increased, but that does not dispose of the fact that by causing an action to be brought, and securing a judgment, which became a lien upon the corporate property, they were appropriating it for their own exclusive benefit, and to the direct injury of those who, upon every principle of justice, had equal rights with themselves. That the judgment through which they obtained this preference was not hastily obtained, but, on the contrary, that each step was taken with what may be called deliberate slowness, does not relieve the defendants of the charge that through this proceeding they have not acted in good faith, and that proper scrutiny of the transaction leads to the conclusion that

their course was indefensible, unless we are to absolve directors of a corporation from the observance of good faith towards its creditors. These directors have disregarded the governing principle in such cases, which is that the directors and manager of insolvent corporations are trustees of all of the property, are bound to apply the same pro rata for the payment of debts, and cannot use it to exonerate themselves to the injury of other creditors.

Looking at the transaction in the most favorable light for defendants, the fact is apparent that, while occupying a relationship as to all creditors which demand of them the utmost good faith, they caused this action to be brought, and countenanced and aided in the entry of a judgment which operated directly to secure the payment of their own debt in preference to debts of other creditors, when, as a matter of law, they were bound and should have taken steps to apply all of the assets of the corporation to the payment of all debts, pro rata and equally. Had they assumed to secure their own indebtedness by means of a mortgage executed and delivered upon the day judgment was entered, the transaction would have been set aside without the slightest hesitation, as was the mortgage involved in the former action, and for the same reasons. There is no real distinction between a transaction in which there is a direct conveyance of corporate property to creditors, and one by means of which the property may be appropriated to the payment of the same debt by means of legal proceedings. One is a friendly conveyance; the other is hostile, at least, in form; but this cannot be of importance.

The judgment is reversed, and the case remanded for proceedings in accordance with the views expressed above.