EDWARD SAVAGE, and Another v. MADELIA FARMERS' WAREHOUSE COMPANY and Others.[1]

June 22, 1906.

Nos. 14,736—(132).

**Officers of Corporation.**

Directors and officers of a corporation are not forbidden by law from entering into contracts with the corporation they represent and of which they are members.

**Contract with Corporation.**

In such contracts the officers are held to those rules of fairness and good faith which courts of equity impose upon trustees.

**When Valid.**

If contracts so entered into are fair, free from fraud, and in the interests and for the benefit of the corporation, they are valid.

**Findings Sustained.**

Findings of the trial court to the effect that respondents, as directors of the corporation whose affairs are here involved in insolvency proceedings, became obligated to and paid certain valid existing debts of the corporation and are entitled to reimbursement, *held* sustained by the evidence.

[1]Reported in 108 N. W. 296.

**Evidence.**

The evidence is not conclusive that the debts so paid arose from unlawful transactions sanctioned by the directors as such, nor that the payment was voluntary, within the rules of law applicable to such payments.

**Limitation of Action—Waiver.**

Respondents, who were directors, paid certain debts of the corporation in question, for. which the latter gave them its promissory notes payable at a future time. The corporation failed to pay the notes, and an action was brought against it to recover thereon, in which judgment was duly rendered for the full amount due. The corporation became insolvent, and in an action by the receiver appointed to wind up its affairs the judgment was set aside as an unlawful preference. In this proceeding to determine the statutory liability of the stockholders, the judgment was presented in favor of these creditors as a claim against the corporation. On the trial of the action, when the judgment was offered in evidence, it was objected to by plaintiffs on the ground that it had been set aside in the action brought by the receiver. Whereupon the court suggested to respondents' counsel that he amend his statement of claim by presenting the promissory notes upon which the judgment was founded, stating that the trial might proceed and the formal amendment be filed later. Acting on this suggestion, the notes were offered in evidence, to which no objection was made by plaintiffs. At the time they were so offered they were more than six years overdue. At the conclusion of the trial respondents formally amended the statement of their claim by setting up the promissory notes as the basis of the same, to which plaintiffs answered, alleging that the notes were barred by the statute of limitations. It is *held* that, as the notes were received in evidence without objection and the court's attention was not called to the plea of the statute of limitations until the conclusion of the trial, and then only by the filing of plaintiffs' answer, the defense was waived.

In proceedings instituted by plaintiffs in the district court for Watonwan county to wind up the affairs of defendant company and enforce for the benefit of creditors the statutory liability of its stockholders, claims were presented against the company by T. J. Mitchell and John McCarthy for $452.32 and by William D. Fanning for $2,000. Plaintiffs filed objections to these claims and the issues thus raised were tried before Cadwell, J., who found in favor of claimants. From that portion of the judgment thereupon entered which allowed these claims, plaintiffs appealed. Affirmed.

*Savage & Purdy,* for appellants.

*W. S. Hammond,* for respondents.

BROWN, J.

In proceedings to wind up the affairs of the Madelia Farmers' Warehouse Company, an insolvent corporation, and to enforce the statutory stockholders' liability, the court below made an order fixing a time within which creditors should present their claims. Numerous claims were presented, and upon a trial and hearing the court made its findings of fact and conclusions of law by which the liability of the several stockholders was determined; and by which, also, certain claims were allowed against the corporation, among others, a claim in favor of respondent Fanning for the sum of $3,649.13, and another in favor of respondents Mitchell and McCarthy for the sum of $822.01. Judgment was duly rendered and entered accordingly; from so much of it as allowed and directed the payment of these two claims, plaintiffs appealed.

1. The Fanning claim grew out of the following facts: In August, 1895, the company, then being a going concern, borrowed of Nichols & Taylor the sum of $2,000, giving therefor its promissory note for that amount, indorsed by certain of its directors, who thereby became personally holden for its payment. The loan was made for the purpose of meeting an overdraft at the company's bank, or for use in its business of buying grain—it is not important which—and the money was received and placed to its credit on the books of the State Bank of Madelia, with which it was doing business. The company failed to pay the note when due, and a new loan was negotiated for the purpose of discharging it. To do this the directors were authorized to borrow $1,000 from one Lamm, the same to be applied upon the note, and to obtain an extension of time of payment on the balance. The directors, pursuant to this authority, obtained the $1,000 from Lamm, giving to him a note for that amount, for the payment of which they became personally liable. They paid this amount to Nichols & Taylor upon the $2,000 note, giving that firm a new note for $1,000, the balance due them. To reimburse the directors, the corporation gave them two promissory notes of $1,000 each, which they subsequently indorsed to Fanning, as their trustee, who now holds the same as

such. The directors, payees in these two notes, fully paid the prior indebtedness to Lamm and to Nichols & Taylor.

The Mitchell and McCarthy claim arose out of these facts: In February, 1896, the company had overdrawn its account at the bank to the sum of $1,377.87. To secure the payment of this, one Johnson, an officer of the company, his wife joining with him, made and delivered to the bank his promissory note for the amount of the overdraft, the payment of which was guarantied by Mitchell and McCarthy, directors of the corporation. They thereafter paid upon the note from their own funds the sum of $522.32, and this amount was allowed them against the corporation by the court below.

The trial court found that the indebtedness involved in these two transactions represented valid existing debts of the corporation, and having been paid and discharged by the stockholders mentioned, they were entitled to reimbursement, and the claims were accordingly allowed. It is contended by appellant that the findings of the trial court in this respect are not sustained by the evidence. It is insisted in this behalf that the debts arose from unlawful transactions engaged in by the corporation with the sanction and approval of the directors; that they were not valid obligations against the corporation; that the directors who paid the same did so voluntarily, and are not entitled to recover. It may be conceded that the insolvency of the corporation was due largely to losses resulting from gambling in wheat options with the knowledge and active participation of the directors. But this was not the purpose for which the corporation was created, and it appears from the evidence that it also conducted a legitimate business in buying, storing, and selling grain. The evidence is not conclusive that the debts in question were created by the unlawful dealing in wheat options, though it tends very strongly in that direction. However, a careful consideration of the record leads to the conclusion that the findings are not clearly against the evidence, and we apply the usual rule and sustain them.

There can be no serious question that the directors, for discharging the debts in question in the manner stated, are entitled to reimbursement from the funds of the corporation, unless the debts arose out of the alleged gambling transactions and were not meritorious claims, or in making the payment the directors occupied the position of mere

volunteers. Directors and other officers may deal with the corporation they represent, and of which they are members, precisely as though they held no official relation with it, and contracts entered into by them with the corporation are valid and enforcible so long as not tainted with fraud. 7 Am. & Eng. Enc. (2d Ed.) 759. In such transactions the directors are bound by those rules of fairness which courts of equity impose upon trustees, but they are not forbidden to loan the corporation money, or from guarantying the payment of its obligations. Hopson v. Ætna, 50 Conn. 597; Twin-Lick Oil Co. v. Marbury, 91 U. S. 587, 23 L. Ed. 328; Sanford Fork & Tool Co. v. Howe, Brown & Co., 157 U. S. 312, 15 Sup. Ct. 621, 39 L. Ed. 713. In the case of Africa v. Duluth News-Tribune Co., 82 Minn. 283, 84 N. W. 1019, 83 Am. St. 424, it was held that the promissory note of a corporation made by an officer thereof to himself was presumptively invalid, but open to proof of good faith. The question in all such cases is one of fairness and good faith, whether the transaction was for the benefit and in the interests of the corporation. Taylor v. Mitchell, 80 Minn. 492, 83 N. W. 418.

We find no evidence in the case at bar requiring the court to find that these transactions were founded in bad faith, or that the debts in question arose solely out of gambling operations in wheat. Nor can we say, as a matter of law, from the record, that the payments made by the directors to discharge the debts were voluntary, within the rules applicable to such cases. 22 Am. & Eng. Enc. (2d Ed.) 537, and cases cited.

2. It is also claimed that the Fanning claim was barred by the statute of limitations. Subsequent to the time the notes involved in this claim were due, an action was brought against the corporation to recover thereon, in which judgment was duly rendered against it for the full amount due. After the commencement of proceedings to wind up the affairs of the corporation on the ground that it was insolvent, the receiver therein brought an action to set aside this judgment on the ground that it was an unlawful preference. The validity of the judgment was sustained by the district court, but on appeal to this court, it was held an unlawful preference and ordered set aside. Taylor v. Fanning, 87 Minn. 52, 91 N. W. 269. The judgment was presented to the receiver in these proceedings and made the basis of a claim against

the corporation, but when the matter came on for hearing before the court, objection was made that it had been vacated and set aside, and constituted no valid claim against the corporation. Whereupon the court suggested that respondent amend his claim by presenting the promissory notes upon which the judgment was founded; stating that the trial might proceed and a formal amendment be filed later. Acting on this suggestion, counsel for Fanning offered the notes in evidence, to which no objection was made by plaintiffs. At the time they were so offered they were more than six years overdue, and if the question that they were barred by the statute of limitations had been raised, the court probably would have been required to so rule. But, as stated, no objection, either that they were barred by the statute, or were otherwise inadmissible, was made at the time the notes were offered in evidence. At the conclusion of the trial Fanning formally amended the statement of his claim by setting up the notes as the basis of the same, to which plaintiffs answered, alleging that the notes were barred by the statute of limitations. The notes were received in evidence without objection, with no suggestion then made of the bar of the statute, and the majority of the court are of opinion that the defense was waived.

Judgment affirmed.